RECEIVED

FEB - 8 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RONALD RAY PLUMMER       DOCKET NO. 12-CV-2242; SEC. P

VERSUS       JUDGE JAMES T. TRIMBLE, JR.

WILLIAM SHERROD, ET AL.       MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Ronald Ray Plummer[1], filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[2] on August 22, 2012. [Doc. #1] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons. At the time of filing, he was incarcerated at the United States Penitentiary in Pollock, Louisiana. He names as defendants William Sherrod, Anthony Wingo, and Jane and John Doe. He complains of the denial of access to the courts, unlawful search and seizure, and denial of due process.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

---

[1] Plaintiff purports to file this complaint on behalf of himself and another inmate, Raymond Lee Clifton. However, Plaintiff can only file suit on behalf of himself. Clifton must file his own <u>Bivens</u> claim and pay the filing fee or submit a pauper application if he wishes to proceed with a claim of the violation of his civil rights.

[2] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

U.S.C. §636 and the standing orders of the Court.

## *Factual Allegations*

Plaintiff alleges that, on or about November 14, 2010, paperwork and legal documents were confiscated from his and another inmates's cell. The cell-mate recovered some of the documents, but Plaintiff's trial transcripts were never recovered.

On December 12, 2010, the other inmate was in the library and had Plaintiff's trial transcript with him. Plaintiff's trial transcript was never recovered.

Plaintiff submitted a prison grievance on December 27, 2010. The grievance was denied at the National level on June 7, 2011.

## *Law and Analysis*

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. See Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of

2

action accrues. <u>Id.</u> "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." <u>Piotrowski</u>, 51 F.3d at 516, quoting <u>Vigman v. Community National Bank and Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981). Plaintiff had knowledge of his claims at the latest, on December 12, 2010. Thus, he had until one year later to file suit. Plaintiff's lawsuit was not filed until August 22, 2012 (postmarked August 21, 2012), past the expiration of the one year limitations period.

Equitable tolling principles apply to civil rights cases filed under <u>Bivens</u>. See <u>Rotella v. Pederson</u>, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent properly exhausting the BOP administrative remedies. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); <u>Harris v. Hegmann</u>, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Plaintiff submits a response from the National Inmate appeals denying an administrative remedy appeal dated June 7, 2011. It is

3

unclear whether the denial was for Plaintiff or his cell-mate Raymond Lee Clifton. Regardless, Plaintiff's claim is prescribed. If the final denial of the grievance was for Plaintiff, his suit was still filed more than one year from the date of the denial. If the denial was for Inmate Clifton's grievance instead of Plaintiff's, then Plaintiff would not be entitled to equitable tolling, and his case would have prescribed in December 2011.

### *Conclusion*

Because Plaintiff's complaint is prescribed, **IT IS RECOMMENDED** that the complaint of Plaintiff Ronald Ray Plummer be **DENIED AND DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE